**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Sheldon Alonzo Watson, Appellant.

Appellate Case No. 2018-002246

———————————

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-158
Submitted February 1, 2022 – Filed April 6, 2022

———————————

**AFFIRMED**

———————————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr., and Assistant Attorney General Jonathan Scott Matthews, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

———————————

**PER CURIAM:** Sheldon Alonzo Watson appeals his conviction for trafficking methamphetamine and sentence of twelve years' imprisonment. Watson's counsel

initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing the trial court erred by denying his motion to suppress drug evidence seized during a traffic stop because there was neither probable cause nor reasonable suspicion to stop the vehicle. Our court conducted an *Anders* review and ordered the parties to brief the *Anders* issue.

We find evidence supports the trial court's determination that the deputy sheriff who stopped Watson had reasonable suspicion to conduct the traffic stop. The deputy testified Watson's vehicle had an illegible temporary license plate on it. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Moore*, 415 S.C. 245, 251, 781 S.E.2d 897, 900 (2016) ("On appeals from a motion to suppress based on Fourth Amendment grounds, [appellate courts apply] a deferential standard of review and will reverse if there is clear error." (quoting *State v. Adams*, 409 S.C. 641, 647, 763 S.E.2d 341, 344 (2014))); *id.* ("The 'clear error' standard means that an appellate court will not reverse a trial court's finding of fact simply because it would have decided the case differently." (quoting *State v. Pichardo*, 367 S.C. 84, 96, 623 S.E.2d 840, 846 (Ct. App. 2005))); *id.* ("Rather, appellate courts must affirm if there is any evidence to support the trial court's ruling."); U.S. Const. amend. IV (providing protection against unreasonable searches and seizures); S.C. Const. art. I, § 10 ("The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures and unreasonable invasions of privacy shall not be violated . . . ."); *Florida v. Jimeno*, 500 U.S. 248, 250 (1991) ("The touchstone of the Fourth Amendment is reasonableness."); *State v. Vinson*, 400 S.C. 347, 352, 734 S.E.2d 182, 184 (Ct. App. 2012) ("Reasonableness is measured in objective terms by examining the totality of the circumstances." (quoting *Pichardo*, 367 S.C. at 101, 623 S.E.2d at 849)); *id.* at 351, 734 S.E.2d at 184 ("A traffic stop constitutes a Fourth Amendment seizure; thus, the traffic stop must be reasonable under the circumstances."); *id.* at 352, 734 S.E.2d at 184 ("A traffic stop is not unreasonable if conducted with probable cause to believe a traffic violation has occurred, or when the officer has a reasonable suspicion the occupants are involved in criminal activity."); *State v. Willard*, 374 S.C. 129, 134, 647 S.E.2d 252, 255 (Ct. App. 2007) ("Reasonable suspicion is more than a general hunch but less than what is required for probable cause."); *State v. Provet*, 405 S.C. 101, 108, 747 S.E.2d 453, 457 (2013) ("Violation of motor vehicle codes provides an officer reasonable suspicion to initiate a traffic stop."); S.C. Code Ann. § 56-3-210(C) (2018) (requiring temporary license plates to "contain the dealer's name, city, and phone number, or the dealer's name and computer website address" and "[t]he expiration date must be clearly legible from a distance of at least twenty-five feet, written using a permanent black marker with at least a one quarter

inch wide tip, and must contain a numerical month, day, and year"), *amended by* § 56-3-210 (Supp. 2018); *id.* ("A person who issues or uses a temporary license plate or allows a temporary license plate to be issued or used in violation of this section is guilty of a misdemeanor and, upon conviction, must be fined one hundred dollars for each occurrence.").[1]

**AFFIRMED.**[2]

**GEATHERS and MCDONALD, JJ., and LOCKEMY, A.J., concur.**

---

[1] To the extent Watson argues the deputy unlawfully prolonged the traffic stop, we find that argument is unpreserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the trial court will not be considered on appeal."). At trial, Watson did not claim the deputy unlawfully prolonged the stop. Rather, he asserted the initial stop was "an unconstitutional detention" because the deputy "lack[ed] reasonable suspicion" without referencing the events that occurred after the initial stop. Additionally, the trial court only ruled on whether the deputy had reasonable suspicion to conduct the initial stop.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.